Case 4:25-cv-04812   Document 9   Filed on 10/27/25 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
October 27, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE GUADALUPE MEJIA GUERRERO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-04812 |
| | § | |
| KRISTI NOEM, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## **TEMPORARY RESTRAINING ORDER**

The petitioner, Jose Guadalupe Mejia Guerrero is a detainee in the custody of the United States Department of Homeland Security ("DHS"). He has filed an amended petition for a writ of habeas corpus and a motion for a temporary restraining order.

### A. **Background**

The facts asserted below are taken from the petitioner's motion. The petitioner is a citizen of Mexico. He entered the United States without inspection approximately 16 years ago. He is married and has three minor children who are United States citizens.

In 2010, the petitioner was taken into custody and placed in removal proceedings. Those proceedings were later dismissed on motion by DHS. He was re-arrested and placed in removal proceedings after a traffic stop on August 22, 2025.

### I. **Legal Standards**

There are four prerequisites for the extraordinary relief of a temporary restraining order. A court may grant this relief only when the movant establishes that: (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable

harm will result if the injunction is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the respondent; and (4) the granting of the order will not disserve the public interest. *Clark v. Prichard,* 812 F.2d 991, 993 (5th Cir.1987) (citing *Canal Auth. of the State of Florida v. Callaway,* 489 F.2d 567, 572 (5th Cir.1974) (en banc)). The party seeking injunctive relief must prove each of the four elements before a preliminary injunction can be granted. *Mississippi Power & Light Co. v. United Gas Pipeline,* 760 F.2d 618, 621 (5th Cir.1985); *Clark,* 812 F.2d at 993.

## II. Analysis

### A. Likelihood of Success on the Merits

Two statutes principally govern the detention of noncitizens pending removal proceedings: 8 U.S.C. §§ 1225 and 1226. "Under 8 U.S.C. § 1225(b)(2), otherwise referred to as the 'mandatory detention statute,' a noncitizen 'who is an applicant for admission' shall be detained for a removal proceeding 'if the examining officer determines that [the noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted.'" *Chiliquinga Yumbillo v. Stamper*, No. 2:25cv-479, 2025 WL 2783642, at *2 (D. Me. Sep. 30, 2025) (quoting 8 U.S.C. § 1225(b)(2)(A)). "In contrast, under 8 U.S.C. § 1226, the 'discretionary detention statute,' a noncitizen subject to detention is entitled to procedural protections that are not afforded under the mandatory detention statute, such as the right to a bond re-determination hearing in front of an Immigration Judge and a right to appeal any custody determination." *Id.* The Department of Homeland Security's "longstanding interpretation" had been that § 1226, not § 1225, applies to noncitizens like the petitioner who are already present in the country. *See Savane*, 2025 WL 277452, at *5. In July 2025, however, the Department changed its position. *See id.* (explaining a memo published by the Acting Director of ICE on July 8, 2025). The government now applies § 1225 to *all* applicants for

admission. The petitioner contends that he is being wrongly detained under an incorrect interpretation of the relevant statutes.

Almost every district court to consider this issue has concluded, "the statutory text, the statute's history, Congressional intent, and § 1226(a)'s application for the past three decades" support finding that § 1226 applies to these circumstances. *Pizarro Reyes*, 2025 WL 2609425, at *4; *see also Lopez-Arevelo*, 2025 WL 2691828, at *7 ("In recent weeks, courts across the country have held that this new, expansive interpretation of mandatory detention under the INA is either incorrect or likely incorrect."); *Rodriguez v. Bostock*, No. 3:25-cv-5240, 2025 WL 2782499, at *1 & n.3 (W.D. Wash. Sep. 30, 2025) (collecting cases and noting that "[e]very district court to address" the statutory question "has concluded that the government's position belies the statutory text of the INA, canons of statutory interpretation, legislative history, and longstanding agency practice"); *Belsai D.S. v. Bondi*, No. 25-cv-3682, 2025 WL 2802947, at *6 (D. Minn. Oct. 1, 2025) (joining the "chorus" of courts concluding that § 1226 applies). The petitioner therefore demonstrates a likelihood of success on the merits of his claim that he is being detained under an incorrect interpretation of the governing statutes.

### B. Irreparable Harm

Petitioner states that he is the primary financial provider for his family, including three minor children. This, along with his own loss of liberty during his detention, constitutes irreparable harm.

### C. Relative Injury

As noted above, the petitioner suffers grave and irreparable harm from his continued detention. Ordering his release in apparent conformity with the statutory scheme pending

resolution of the petitioner's request for a preliminary injunction, however, no injury to the respondents. This factor lands in favor of the petitioner.

### D. Public Interest

Directing the respondents to act in accordance with the law serves the public interest. If the Court ultimately determines that the petitioner is subject to detention, the government can carry take him back into custody at a later date. There is no reason to believe that the petitioner's continued release poses any risk to the public or to the security or safety of the United States.

### E. Conclusion

All four factors weigh in favor of granting temporary injunctive relief.

### F. Notice and Security

The Court takes judicial notice of the fact that the government has, in recent memory, removed and attempted to remove detainees from the United States during the pendency of their judicial proceedings. The risk of petitioner's imminent removal mooting these proceedings necessitates waiving notice to the respondents prior to the issuance of this order.

Rule 65 of the Federal Rules of Civil Procedure also requires security to compensate the non-moving party for any financial harm it may suffer from compliance with the order. In this case, the respondents will not suffer any such harm from releasing the petitioner from custody. The Court therefore waives any requirement that the petitioner post security.

### III. Order

It is hereby ORDERED as follows:

1. The respondents shall effect the petitioner's immediate release from custody. The petitioner shall be released in a public place within the Southern District of Texas, and his counsel shall be given notice of the time and place of his release;

2. The respondents, their agents, employees, and successors are restrained and enjoined from removing the petitioner from the Southern District of Texas while this order remains in effect; and

3. The respondents shall notify all relevant personnel that the petitioner is not to be removed while this order remains in effect.

The Court will schedule a hearing on the petitioner's request for a preliminary injunction by separate order.

This temporary restraining order is entered on October 27, 2025 at 2:55 p.m. and will expire 14 days therefrom unless dissolved earlier or extended by court order.

It is so ORDERED.

SIGNED on October 27, 2025, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge