United States District Court
Southern District of Texas
**ENTERED**
November 18, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSE GUADALUPE MEJIA GUERRERO, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:25-CV-04812 |
| § | |
| KRISTI NOEM, *et al.*, § | |
| § | |
| Respondents. § | |

## MEMORANDUM AND ORDER

This case is before the Court on the amended petition for a writ of habeas corpus filed by Jose Guadalupe Mejia Guerrero and the motion for summary judgment filed by the respondents. For the following reasons, the respondents' motion for summary judgment is denied, and the amended petition for a writ of habeas corpus is granted.

**I.   Background**

The petitioner is a citizen of Mexico. He entered the United States without inspection approximately 16 years ago. He is married and has three minor children who are United States citizens.

In 2010, the petitioner was taken into custody and placed in removal proceedings. Those proceedings were later dismissed on motion by the Department of Homeland Security ("DHS"). He was re-arrested and placed in removal proceedings after a traffic stop on August 22, 2025.

The petitioner filed a petition for a writ of habeas corpus. The respondents have filed a motion for summary judgment and the petitioner has responded to the motion.

## II.     Legal Standards

This case arises under 28 U.S.C. § 2241 which gives this Court power to grant a writ of habeas corpus for a petitioner who is in custody in violation of the Constitution or laws of the United States. The petitioner bears the burden of proving that he is in custody in violation of the laws or Constitution of the United States.

## III.    Analysis

Two statutes principally govern the detention of noncitizens pending removal proceedings: 8 U.S.C. §§ 1225 and 1226. "Under 8 U.S.C. § 1225(b)(2), otherwise referred to as the 'mandatory detention statute,' a noncitizen 'who is an applicant for admission' shall be detained for a removal proceeding 'if the examining officer determines that [the noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted.'" *Chiliquinga Yumbillo v. Stamper*, No. 2:25cv-479, 2025 WL 2783642, at *2 (D. Me. Sep. 30, 2025) (quoting 8 U.S.C. § 1225(b)(2)(A)). "In contrast, under 8 U.S.C. § 1226, the 'discretionary detention statute,' a noncitizen subject to detention is entitled to procedural protections that are not afforded under the mandatory detention statute, such as the right to a bond re-determination hearing in front of an Immigration Judge and a right to appeal any custody determination." *Id.* The Department of Homeland Security's "longstanding interpretation" had been that § 1226, not § 1225, applies to noncitizens like Guerrero who are already present in the country. *See Savane*, 2025 WL 277452, at *5. In July 2025, however, the Department changed its position. *See id.* (explaining a memo published by the Acting Director of ICE on July 8, 2025). The government now applies § 1225 to *all* applicants for admission. The respondents argues that Guerrero is therefore subject to mandatory detention. They acknowledge that this Court has previously concluded that § 1226 applies to noncitizens like

Guerrero who are already present in the country but urges the Court to reconsider its position. This Court finds no reason to do so.

Like most courts to consider this issue in the last few months, this Court concludes that Guerrero is entitled to the relief he seeks and grants his habeas petition. First, and contrary to the respondents' argument, exhaustion does not bar this Court's review because it is not a statutory requirement in these circumstances. *See Lopez Benitez v. Francis*, 25 Civ. 5937, 2025 WL 2371588, at *13 (S.D.N.Y. Aug. 13, 2025). When a "'legal question is fit for resolution and delay means hardship,' a court may choose to decide the issues itself." *Pizarro Reyes*, 2025 WL 2609425, at *3 (quoting *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 13 (2000)). The issue here largely involves a question of statutory interpretation, which is historically within the province of the courts. *Id*. The Court concludes that § 1226, not § 1225, applies to Guerrero's detention. As almost every district court to consider this issue has concluded, "the statutory text, the statute's history, Congressional intent, and § 1226(a)'s application for the past three decades" support finding that § 1226 applies to these circumstances. *Pizarro Reyes*, 2025 WL 2609425, at *4; *see also Lopez-Arevelo*, 2025 WL 2691828, at *7 ("In recent weeks, courts across the country have held that this new, expansive interpretation of mandatory detention under the INA is either incorrect or likely incorrect."); *Rodriguez v. Bostock*, No. 3:25-cv-5240, 2025 WL 2782499, at *1 & n.3 (W.D. Wash. Sep. 30, 2025) (collecting cases and noting that "[e]very district court to address" the statutory question "has concluded that the government's position belies the statutory text of the INA, canons of statutory interpretation, legislative history, and longstanding agency practice"); *Belsai D.S. v. Bondi*, No. 25-cv-3682, 2025 WL 2802947, at *6 (D. Minn. Oct. 1, 2025) (joining the "chorus" of courts concluding that § 1226 applies). The Court need not repeat the "well-reasoned analyses" contained in these opinions and instead simply notes its agreement.

*Chogllo Chafla v. Scott*, No. 2:25-cv-437, 2025 WL 2688541, at *5 (D. Me. Sep. 21, 2025). The respondents have failed to provide controlling authorities or persuasive reasons that would justify reaching a different result.

Moreover, Congress added § 1226(c)(1)(E) just this year. That section, part of the Laken Riley Act, Pub. L. 119-1, 119 Stat. 3 (2025), mandates detention for an immigrant who is inadmissible *and*

> is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person . . ..

8 U.S.C. § 1226(c)(1)(E)(ii). The respondents' argument that *all* undocumented immigrants are subject to mandatory detention would render § 1226(c)(1)(E) redundant. Such a reading violates the canons of statutory construction as set out by Justice Scalia and Bryan A. Garner in their seminal work READING LAW: THE INTERPRETATION OF LEGAL TEXTS (2012).

Because Guerrero's detention is governed by § 1226, he is not subject to mandatory detention and is entitled to release under the terms in effect prior to his recent re-arrest. The respondents' insistence to the contrary is in violation of federal law, and Guerrero is entitled to a writ of habeas corpus.

IV. **Order**

It is hereby ORDERED as follows:

1. The respondents' motion for summary judgment (Doc. # 14) is DENIED;

2. The amended petition for a writ of habeas corpus filed by Jose Guadalupe Mejia Guerrero (Doc. # 5) is GRANTED;

3. The respondents shall release the petitioner from custody pursuant to any bond terms in effect or imposed by an Immigration Judge following a full and fair bond hearing; and

4. The temporary restraining order entered on October 27, 2005 and extended on November 10, 2005 is dissolved.

It is so ORDERED.

SIGNED on November 17, 2025, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge